# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODERICK DEVAR SCALLION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-992-C |
| ) | |
| DAVID RICHARDSON et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on Defendant David Richardson's Motion to Compel (Doc. No. 36), Plaintiff Roderick DeVar Scallion's Request for Extension of Time (Doc. No. 37), and Plaintiff's Request for Issuance of a Subpoena Duces Tecum (Doc. No. 38).

### I.     *Defendant's Motion to Compel and Plaintiff's Request for Extension of Time*

On July 2, 2018, the Court issued a Scheduling Order instructing the parties to complete discovery by October 1, 2018, and to file dispositive motions by October 15, 2018. *See* Sched. Order (Doc. No. 27) at 1-3. That Order also instructed each party to provide its initial disclosures within 30 days of the date of the Order and allowed each party to serve—and directed the other party to timely respond or object to—interrogatories, document requests, and requests for admission in accordance with the federal and local rules of civil procedure. *Id.* at 1-2 (citing Fed. R. Civ. P. 33, 34, 36; LCvR 33.1, 36.1).

On August 9, 2018, Defendant filed a Motion to Compel Plaintiff's submission of initial disclosures and responses to Defendant's interrogatories and requests for production

of documents. *See* Doc. No. 36, at 1-4. In his motion, Defendant asserts that Plaintiff has not provided him with initial disclosures, which were due August 1, 2018. Doc. No. 36, at 2. Defendant also asserts that Plaintiff was served by mail with discovery requests on July 5, 2018, and did not respond to those requests prior to the expiration of the 30-day deadline. *See* Doc. Nos. 36-1, 36-2; *see also* Sched. Order at 2.

One day after Defendant submitted his Motion to Compel, Plaintiff filed a motion seeking additional time to respond to Defendant's discovery requests. *See* Doc. No. 37, at 1. Plaintiff states that his incarceration has hindered his ability to obtain the documents required for response to Defendant's discovery requests. *Id.* Defendant objects that Plaintiff has not provided an adequate explanation for his lack of timely action and notes that, despite his incarcerated status, Plaintiff has prepared and filed two motions since receiving Defendant's discovery requests. *See* Doc. No. 40, at 2-3.[1]

---

[1] Neither Defendant's Motion to Compel nor Plaintiff's Motion for an Extension of Time advises the Court that the parties have made a "sincere attempt to resolve differences" pursuant to Local Civil Rule 37.1 prior to seeking court action. *See* LCvR 37.1. Defendant stated that compliance with LCvR 37.1 was "not possible" due to Plaintiff's incarceration. Doc. No. 36, at 2. However, Plaintiff's incarceration does not obviate the parties' duty to attempt to resolve discovery disputes prior to seeking court action or to describe these efforts in their motions. *See* LCvR 37.1; *United States v. Grose*, No. CIV-09-191-F, 2014 WL 12687487, at *1-2 (W.D. Okla. Apr. 17, 2014); *see also* Fed. R. Civ. P. 37(a)(1) (requiring that motions to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). Parties are generally free to reach their own agreements as to discovery-related matters, so long as court-ordered deadlines are not affected. *See* Fed. R. Civ. P. 29. The parties are advised that, pursuant to Local Civil Rule 37.1, "this court shall refuse to hear" any subsequent motion relating to discovery (including under Federal Rule of Civil Procedure 45, discussed below), unless the movant shows the Court that the parties have attempted in good faith to resolve the dispute. LCvR 37.1.

Having considered the parties' motions and responses, the Court GRANTS Defendant's Motion to Compel (Doc. No. 36) to the following extent. Plaintiff shall provide Defendant his initial disclosures[2] as well as full and complete responses or objections to Defendant's interrogatories and document requests, within **14 days** of this Order. *See* Fed. R. Civ. P. 33(b), 34(b)(2).[3] Plaintiff is advised that failure to comply with the provisions of this Order could result in the imposition of sanctions, including dismissal

---

[2] In the July 2, 2018 Scheduling Order, the Court explained that these initial disclosures shall include:

   a. A list of potential witnesses, specifically: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with a description of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   b. A list of potential exhibits, specifically: a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

   c. A statement of the amount of any damages claimed by the party and how that amount was calculated, specifically: a computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Federal Rule of Civil Procedure 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

   d. A list of expert witnesses, specifically: the name, address, and telephone number of any witness the disclosing party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.

[3] Plaintiff already has taken some action in this regard. On August 22, 2018, Plaintiff filed a document containing answers to Defendant's First Set of Interrogatories. *See* Doc. No. 42. Plaintiff then, on August 24, 2018, filed a document with written responses to Defendant's First Set of Requests for Production of Documents. *See* Doc. No. 43. Plaintiff does not need to resend these responses but may supplement them, if he chooses, prior to the deadline set forth above. Plaintiff is advised, however, that responses to discovery requests must be "served by mail" on the opposing party and "should *not* be filed with the Court." Sched. Order at 2; *see* Fed. R. Civ. P. 5(d)(1).

of the action.  *See* Fed. R. Civ. P. 37(b); Sched. Order at 2 ("Failure to provide information as required, or to timely respond to a discovery request, may result in judgment being granted in favor of an opposing party or the subject of the information at issue being assumed in favor of an opposing party.").

Plaintiff's Motion for an Extension of Time (Doc. No. 37) is DENIED as moot.  The Court *sua sponte* EXTENDS the deadline to complete discovery to **November 15, 2018**, and extends the deadline for dispositive motions to **December 1, 2018**.

## II. *Plaintiff's Motion for the Issuance of a Subpoena Duces Tecum*

On August 10, 2018, Plaintiff filed a request for this Court to "send a subpoena duces tecum to Warr Acers Police Dep[artment]" requesting "[a]ll conduct reports concerning David Richardson[,] including psychological or any other type of evaluations done during his employment as a law enforcement officer."  Doc. No. 38, at 1.  Defendant objects that Plaintiff has not complied with Federal Rule of Civil Procedure 45 or Local Civil Rule 45.1 and also objects to the proposed subject matter of the subpoena.  *See* Doc. No. 39, at 1-2.

Plaintiff is advised that Federal Rule of Civil Procedure 45 governs subpoenas, roughly defined as court-authorized directives that a non-party produce certain records or appear at a location to give testimony.  Under this rule, the Court Clerk "must issue a subpoena, signed but otherwise in blank, to a party who requests it."  Fed. R. Civ. P. 45(a)(3).  However, Plaintiff, rather than the Court, must complete the subpoena before service.  *Id.*  Additionally, Federal Rule of Civil Procedure 45(a)(4) and Local Civil Rule 45.1(a) together require that a party seeking to subpoena documents or things from a third

4

party must file a notice, with the attached subpoena, with the Court at least seven days before the subpoena is served on the third party. *See* Fed. R. Civ. P. 45(a)(4); LCvR 45.1(a). Plaintiff is advised that if any non-moving party seeks to preclude service of the subpoena by filing a motion for a protective order within seven days of Plaintiff's filing of the notice, Plaintiff may not serve the subpoena on the person to whom it is directed until the Court rules on the motion. *See* LCvR 45.1(b); *see also* Fed. R. Civ. P. 45(b).

ACCORDINGLY, Plaintiff's Motion for the Issuance of a Subpoena (Doc. No. 38) is GRANTED in part and DENIED in part. The Motion is granted to the extent that the Court Clerk is directed to issue a signed, but otherwise blank, subpoena and mail it to Plaintiff at his address of record. The Court Clerk is further directed to mail a copy of Federal Rule of Civil Procedure 45 and Local Civil Rule 45.1 to Plaintiff at his address of record. If Plaintiff requires the assistance of the United States Marshals Service in serving the subpoena, he should request such assistance by motion to this Court. Plaintiff's Motion is denied in all other respects without prejudice to refiling.

IT IS SO ORDERED this 24th day of August, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE