IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

RODERICK DEVAR SCALLION, )
)
Plaintiff, )
)
vs. )        No. CIV-17-992-C
)
DAVID RICHARDSON, *et al.,* )
)
Defendants. )

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, seeking recompense for alleged violations of his constitutional rights. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Charles B. Goodwin. Judge Goodwin entered a Report and Recommendation ("R&R") on November 30, 2017. When no timely objection was filed, the Court, on January 4, 2018, adopted the R&R. Plaintiff has now filed an Objection to the R&R, and requests the Court consider his out-of-time Objection.

Plaintiff's excuse for the lateness of his Objection is that he does not have access to a law library. However, nothing in the Objection reflects use or reliance on material contained in a law library. Rather, the content of the Objection is based solely on Plaintiff's argument about why dismissal of Defendant Patty was erroneous. Thus, on this basis alone, the Court could deny Plaintiff's Objection.

Even when considered on the merits, Plaintiff's Objection would fail. In the R&R Judge Goodwin noted that Defendant Patty should be dismissed as Plaintiff had failed to

allege facts to establish the Defendant's "personal involvement" in the asserted violation of federal rights. <u>Schneider v. City of Grand Junction Police Dep't</u>, 717 F.3d 760, 768 (10th Cir. 2013). To hold a supervisor such as Defendant Patty personally liable, the Plaintiff must show that an "affirmative link" exists between that supervisor and the constitutional violation. <u>Id.</u> at 767 (noting that the "affirmative link" consists of three related prongs: "'(1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind'") (quoting <u>Dodds v. Richardson</u>, 614 F.3d 1185, 1195 (10th Cir. 2010)). Showing such an affirmative link requires showing "more than 'a supervisor's mere knowledge of his subordinate's' conduct." <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009)). Defendant Patty was dismissed because Plaintiff had failed to make the required showing. Nothing in the belated Objection corrects the deficiency. Consequently, even were the Court to consider the Objection on the merits, it would still fail.

For the reasons set forth more fully herein, Plaintiff's "Answer and Appeal to Report and Recommendation" (Dkt. No. 41), is STRICKEN as untimely.

IT IS SO ORDERED this 11th day of September, 2018.

ROBIN J. CAUTHRON
United States District Judge