UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODERICK DEVAR SCALLION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-992-G |
| | ) | |
| DAVID RICHARDSON et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court are (1) Defendant David Richardson's Motion for Protective Order or, in the alternative, Motion to Quash Plaintiff's Subpoena Duces Tecum (Doc. No. 49); and (2) Plaintiff's Motion to Amend Subpoena Duces Tecum (Doc. No. 55). Plaintiff's subpoena duces tecum is directed to Roger Patty, Chief of Police of Warr Acres Police Department and former party to this action.[1]

I.  Background

On August 24, 2018, the Court issued an order granting in part Plaintiff's request for the issuance of a subpoena duces tecum. *See* Order of Aug. 24, 2018 (Doc. No. 44) at 4-5. In this order, the Court advised Plaintiff of the rules governing subpoenas, including that Plaintiff must file a notice, with the attached subpoena, with the Court at least seven days before the subpoena is served and that Plaintiff may not serve the subpoena prior to

---

[1] On January 4, 2018, all claims raised against Defendant Patty in the Complaint were dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See* Doc. Nos. 12, 13.

the Court's ruling on a motion for a protective order. *See id.* at 4-5 (citing Fed. R. Civ. P. 45(a)(4) and LCvR 45.1(a)).

On September 10, 2018, Plaintiff filed a subpoena duces tecum with the Court, directing Roger Patty to produce

> [d]ocuments related to David Richardson—evaluations, grievances, lawsuits, misconducts, memos, notes, psychological records, any document pertaining to the lawsuit of Roderick Devar Scallion[,] as well as training and performance reports.

Patty Subpoena (Doc. No. 46) at 1. The subpoena duces tecum also included an addendum with an itemized list of materials, including video pertaining to Plaintiff's excessive-force claim. *See* Patty Subpoena Ex. 1 (Doc. No. 46-1) at 1-5. The subpoena duces tecum specified September 20, 2018, as the date of production. *See* Patty Subpoena at 1.

As noted by Defendant, Plaintiff failed to include a notice in compliance with Federal Rule of Civil Procedure 45(a)(4), and—despite the Court's specific warning—served the subpoena on Mr. Patty while Defendant's Motion for Protective Order/Motion to Quash was pending. *See* Order of Aug. 24, 2018 at 4-5; *see also* Pl.'s Resp. Mot. Quash (Doc. No. 54) at 1 (Plaintiff contending that he "believe[d] that sending a copy of the subpoena to Court and defendant served as notice that a subpoena would be served"). According to Defendant Richardson, Warr Acres Police Department received Plaintiff's subpoena duces tecum on or before September 24, 2018. *See* Def.'s Reply Mot. Quash (Doc. No. 58) at 2.

In his Motion for Protective Order/Motion to Quash, Defendant Richardson objects to the production demands of Plaintiff's subpoena duces tecum on the grounds that the

2

demands are overly broad, not relevant to any claim or defense, "privileged, protected, private, and sensitive" in nature, and subject Mr. Patty to undue burden. Def.'s Mot. Quash at 3-4, 6. Defendant also argues that the subpoena failed to give Mr. Patty adequate time to respond. *See id.* at 6. In his Response and a contemporaneously filed motion to amend his subpoena duces tecum, Plaintiff requests leave to amend his subpoena duces tecum to include "all items on the original subpoena—video, etc[.,] sans psych records also sans addendum." Pl.'s Resp. Mot. Quash at 5; *see also* Pl.'s Mot. Am. Subpoena at 1 (requesting that the Court amend the subpoena duces tecum "to exclude all the addendum and psych evaluations" but include "all non-medical reports as well as video evidence").

II. Standing

Pursuant to Federal Rule of Civil Procedure 45(d)(3), an issuing court must, upon timely motion, quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond certain geographical limits, (3) requires disclosure of privileged or other protected matter, unless an exception or waiver applies, or (4) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A).

In determining whether to grant a motion to quash a subpoena duces tecum directed at an individual who is not a party to the suit, an initial question is whether the movant has standing to object to the subpoena duces tecum. The general rule is that "only the person to whom the subpoena is directed has standing to object to its issuance." *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011). However, an exception applies where the challenging party "asserts a personal right or privilege with respect to the materials subpoenaed" from the nonparty. *Id.*

3

In applying this exception, courts have found a "personal right" sufficient to confer standing where, as here, the subpoena sought the movant's employment records. *See, e.g., Shirazi v. Childtime Learning Ctr., Inc.*, No. CIV-07-1289-C, 2008 WL 4792694, at *1 (W.D. Okla. Oct. 31, 2008); *see also Richards v. Convergys Corp.*, No. 2:05-CV-790-DAK, 2:05-CV-812-DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007). Because Plaintiff's subpoena duces tecum commands the production of Defendant Richardson's employment records, the Court is satisfied that Defendant Richardson has standing to bring his Motion to Quash.

III.   Discussion

As an initial matter, the Court must determine whether the information sought by Plaintiff is properly discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that parties may obtain through discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible in evidence to be discoverable," *id.*, but the Court examines whether the requests are overly broad and seek information beyond the scope of Rule 26(b)(1). In addition, the Court may, for good cause, issue a protective order where the information sought would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Due to the subject matter of Plaintiff's subpoena duces tecum, as well as Plaintiff's failure to comply with the Court's August 24, 2018 Order, Federal Rule of Civil Procedure 45(a)(4), and Local Civil Rule 45.1 in his effort to subpoena materials from Mr. Patty, the

4

Court finds that the subpoena duces tecum (Doc. No. 46) should be quashed, *see* Fed. R. Civ. P. 26(b), 37(b)(2), 45(a)(4), (d)(3); LCvR 45.1; Sched. Order (Doc. No. 27) at 2, and Plaintiff's Motion should be granted to the following extent. Plaintiff may not amend or modify the subpoena duces tecum at issue in these motions. The Court, however, will allow Plaintiff the opportunity to request materials from Mr. Patty in a second subpoena duces tecum, within the parameters of this Order. *See* Sched. Order at 2 ("Parties may not conduct discovery via methods not listed above [*i.e.* interrogatories, document request, or requests for admission] without first obtaining Court approval.").

In his motion to amend his subpoena duces tecum, Plaintiff advised the Court that he still wishes to request from Mr. Patty Defendant Richardson's work evaluations, grievances, and reports related to misconduct, training, and performance. *See* Pl.'s Mot. Am. Subpoena at 1; Pl.'s Resp. Mot. Quash at 2-5; Patty Subpoena at 1. Defendant Richardson objects that these materials are irrelevant to Plaintiff's claim of excessive force because such claims are determined by an objective standard. The Court agrees.[2] *See*

---

[2] Though Defendant Richardson relies upon the Fourth Amendment standard for excessive force claims, a review of the record in Plaintiff's criminal case, *see State v. Scallion*, No. MI-2016-228 (Okla. Cty. Dist. Ct., filed Feb. 26, 2016) (docket publicly available through http://www.oscn.net), suggests that the alleged use of excessive force occurred after Plaintiff had been arrested pursuant to a warrant, thus implicating the Fourteenth Amendment. *See* Compl. at 7 (alleging the event occurred on the morning of February 27, 2016); *see also Estate of Booker v. Gomez*, 745 F.3d 405, 419, 421 (10th Cir. 2014) (holding that while the Fourth Amendment governs excessive force claims "arising from 'treatment of an arrestee detained *without a warrant* and *prior* to any probable cause hearing," the Fourteenth Amendment standard "governs excessive force claims arising from post-arrest and pre-conviction treatment if the arrestee has been taken into custody pursuant to a warrant supported by probable cause" (alteration and internal quotation marks omitted)).

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (holding that "the appropriate standard for a pretrial detainee's excessive force claim [under the Fourteenth Amendment] is solely an objective one" and that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable"); *Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005) ("Because Plaintiffs' federal claim for excessive force requires assessment of [the officer's] conduct under an objective standard, Plaintiffs have failed to establish the relevance of evidence tending to shed light on aspects of [the officer's] mental state to [Plaintiff's excessive-force] claim); *Graham v. Connor*, 490 U.S. 386, 388 (1989); *see also* Fed. R. Civ. P. 26(b), (c).

Plaintiff additionally seeks "memos, notes" and "document[s] pertaining to the lawsuit." Patty Subpoena at 1; Pl.'s Mot. Am Subpoena at 1; Pl.'s Resp. Mot. Quash at 3, 5. Plaintiff is advised that these requests are overly broad and potentially implicate attorney-client privilege. *See* Fed. R. Civ. P. 26(b), (c), 45(d)(3)(A)(iii).

Finally, Plaintiff seeks "video that relates to the time [Plaintiff] entere[d] the police depart[ment] until his departure." Pl.'s Resp. Mot Quash at 5; *see* Patty Subpoena Ex. 1 at 5, Pl.'s Mot. Am. Subpoena at 1. The Court finds that this video evidence is properly discoverable under Rule 26(b) of the Federal Rules of Civil Procedure. Plaintiff may request this video evidence in a second subpoena duces tecum directed to Mr. Patty. *See* Sched. Order at 2.

In sum, the Court grants Plaintiff a second opportunity to complete and serve a subpoena duces tecum directed to Roger Patty. However, in this subpoena duces tecum,

Plaintiff may request **only** the production of video capturing Plaintiff on the date of the alleged incident.

ACCORDINGLY, Defendant Richardson's Motion for Protective Order or, in the alternative, Motion to Quash Plaintiff's Subpoena Duces Tecum (Doc. No. 49) is GRANTED. Plaintiff's subpoena duces tecum (Doc. No. 46) is QUASHED. Plaintiff's Motion to Amend Subpoena Duces Tecum (Doc. No. 55) is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that the Clerk of Court is directed to issue a signed, but otherwise blank, subpoena and mail it to Plaintiff at his address of record. Plaintiff must complete the subpoena duces tecum and may request only the video evidence authorized by this Order. Further, Plaintiff must comply with the directives of Federal Rule of Civil Procedure 45(a)(4) and Local Civil Rule 45.1(a), including that Plaintiff file a notice, with the attached subpoena, with the Court at least seven days before the subpoena is served on Mr. Patty.

IT IS SO ORDERED this 16th day of November, 2018.

CHARLES B. GOODWIN
United States District Judge